# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAX MARTINEZ, MARK PEREZ, ARTURO ALVARADO, ANTHONY CERVANTES, DOMINIQUE CHILDS, GUILLERMO CISNEROS, TROY COBB, MANUEL DAVILA, VICTOR DIAZ, MOISES ESPINOZA, KENNETH FLOYD, JESUS HERNANDEZ, JOSE HERRERA, JOSHUA LEAL, DEANGELO MAUPIN, MARK MCDANIEL, GEORGE MEYER, BRANDON MILES, JOSE MORALES, DANTE ODOM, JOHN OROZCO, CODY ORTIZ, JAMES PEREZ, JIMMY, RAMIREZ, WESLEY REED, KYLE RIOY, CHRISTOPHER RODRIGUEZ, GREGORY RODRIGUEZ, JUAN RODRIGUEZ, MICHAEL SEGOVIA, ZACHARY SHEPARD, AND AARON VEGA, *Plaintiffs*, <br><br>v. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ANTONIO TREVINO, CHEV'QUON JERRELL, TRACEY KELLY, AND MARIO GONZALEZ *Defendants*. | Civil Action No. 2:23-CV-00131 |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)

Defendants Chev'Quon Jerrell, Tracey Kelly, and Mario Gonzalez file this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). In support of this motion, Defendants respectfully offer the following:

## I.   STATEMENT OF THE CASE

Plaintiffs Max Martinez, Mark Perez, Arturo Alvarado, Anthony Cervantes, Dominique Childs, Guillermo Cisneros, Troy Cobb, Manuel Davila, Victor Diaz, Moises Espinoza, Kenneth Floyd, Jesus Hernandez, Jose Herrera, Joshua Leal, DeAngelo Maupin, Mark McDaniel, George Meyer, Brandon Miles, Jose Morales, Dante Odom, John Orozco, Cody Ortiz, James Perez, Jimmy Ramirez, Wesley Reed, Kyle Rioy, Christopher Rodriguez, Gregory Rodriguez, Juan Rodriguez, Michael Segovia, Zachary Shepard, and Aaron Vega brought this civil rights lawsuit against Defendants Chev'Quon Jerrell, Tracey Kelly, and Mario Gonzalez in their individual capacities under § 1983 alleging violations of their constitutional rights. *See generally* ECF No. 19.

Plaintiffs claim that on October 2, 2021, Defendants Trevino and Jerrell departed Edinburg in a 2021 BlueBird Bus to transport Plaintiffs from Lopez State Jail to Domingue State Jail in San Antonio, Texas. ECF No. 19 at 3, ¶ 9. Plaintiffs assert that once onboard the Bus, they requested a seatbelt for their safety but were denied by Trevino and Jerrell. ECF No. 19 at 4, ¶ 9. Plaintiffs claim they were shackled with handcuffs and leg irons and seated without a seat belt or safety harness. ECF No. 19 at 4, ¶ 9.

Plaintiffs allege that during their trip, Trevino was using his state issued cell phone while operating the transport van. ECF No. 19 at 4, ¶ 10. Defendants contend that Trevino dropped his cell phone and had to make an unauthorized stop to locate his missing state issued cell phone. ECF No. 19 at 4, ¶ 10. According to Plaintiffs, Jerrell had knowledge that Trevino had been using his phone while driving, but nevertheless helped him locate the phone without questioning Trevino's need for his phone while driving or request that he cease use of his phone. ECF No. 19 at 4, ¶ 11.

Plaintiffs allege that at 7:04 a.m. Trevino received a call on his state issued phone from Defendant Tracey Kelly, from her state issued cell phone. ECF No. 19 at 5, ¶ 13. Plaintiffs allege

that Kelly called knowing that Trevino was driving a bus with forty-four inmates on board and had knowledge concerning the dangerous conditions of the road. ECF No. 19 at 5, ¶ 13. Plaintiffs allege that around this time, they screamed and yelled asking Trevino to slow down. ECF No. 19 at 5, ¶ 13. Plaintiffs allege that Defendant Jerrell ignored their request to caution Trevino about his speeding. ECF No. 19 at 5, ¶ 13. Plaintiffs claim that shortly after Trevino hung up the phone, the bus hydroplaned and flipped onto its right-side causing Plaintiffs to fly out of their seats and crash, suffering injuries. ECF No. 19 at 5, ¶ 14.

Plaintiffs assert that Jerrell, Kelly, and Gonzalez are liable for the injuries sustained under theories of deliberate indifference, bystander liability, and supervisory liability. ECF No. 19 at 6-10, ¶ ¶ 17-27.

## II.   ARGUMENTS AND AUTHORITIES

### A. Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the

3

plaintiff. *Id*. at 312–13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

### 1. Plaintiffs' claims against Jerrell, Kelly, and Gonzalez do not rise to the level of deliberate indifference.

To plead an Eighth Amendment violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that pose a substantial risk of serious harm. The plaintiff must also allege that the defendant prison officials were deliberately indifferent to the inmate's health or safety. *Burns v. Davis*, No. 4:15-CV-3280, 2017 WL 450529, at *4 (S.D. Tex. Sept. 22, 2017), *aff'd*, 743 F. App'x 544 (5th Cir. 2018) (citing *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015)). First there is an objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Bailey v. Alviar*, No. 9:15-CV-164, 2018 WL 1701992, at *4 (E.D. Tex. Feb. 15, 2018), *report and recommendation adopted*, No. 9:15-CV-164, 2018 WL 1569880 (E.D. Tex. Mar. 23, 2018) (citing *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994)). Second, under a subjective standard, the court must determine whether the prison official responsible acted with deliberate indifference to inmate health or safety. *Bailey*, 2018 WL 1701992, at *4 (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

In *Farmer*, the Supreme Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Bailey*, 2018 WL 1701992, at *5 (citing *Farmer*, 511 U.S. at 839-40). Thus, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. A prison official acts with deliberate indifference "only if he knows that

4

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

"Deliberate indifference is an extremely high standard to meet." *Bailey*, 2018 WL 1701992, at *4 (citing *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Bailey*, 2018 WL 1701992, at *4 (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999)). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Bailey*, 2018 WL 1701992, at *4 (citing *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006)). "Bad judgment, negligence, or even gross negligence resulting in an automobile accident is not sufficient to establish a constitutional violation." *Bailey*, 2018 WL 1701992, at *4; *see*, *e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (no violation found in high-speed police chase that resulted in the unintentional death of a passenger); *Daniels v. City of Dallas*, 272 Fed. Appx. 321, 323 (5th Cir. 2008); *Bell v. Hicks*, 2012 WL 3276728 at 2 (S.D. Tex. 2012) (no constitutional violation found where correctional officer was speeding and rammed prison bus into another vehicle).

### a. Plaintiffs fail to state a deliberate indifference claim against Jerrell.

Plaintiffs allege Jerrell was deliberate indifferent to their safety because he "*allowed*" Trevino to drive the bus recklessly. ECF No. 19 at 7, ¶ 20. Plaintiffs state Jerrell intentionally and knowingly chose to violate Plaintiffs' Eighth Amendment rights when he (1) helped Trevino locate his cell phone during an unauthorized stop; (2) allowed Trevino to operate the bus recklessly; and (3) ignored Plaintiffs' concerns regarding Trevino's speeding. ECF No. 19 at 7, ¶ 20. These facts do not amount to deliberate indifference.

In *Bailey*, the plaintiff claimed the "shotgun guard and alternate driver" on the transportation bus was an experienced driver and was personally aware of the defendant driver's alleged reckless driving. *Bailey*, 2018 WL 1701992, at *1. Plaintiff claimed the shotgun guard failed to take steps to stop or caution against the driver's reckless driving. *Bailey*, 2018 WL 1701992, at *1. The driver's reckless driving ultimately led to a bus accident in which the plaintiff was injured. *Bailey*, 2018 WL 1701992, at *1. The district court dismissed the plaintiff's § 1983 claims against the shotgun guard for failing to state a claim because the shotgun guard cannot be vicariously liable for the wrongful conduct of another. *Bailey v. Alviar*, No. 9:15CV164, 2018 WL 1569880, at *2 (E.D. Tex. Mar. 23, 2018).

Like in *Bailey*, Plaintiffs attempt to sue the bystander passenger, Jerrell, under § 1983 for failing to stop or caution Trevino against reckless driving. First, to the extent Plaintiffs contend Jerrell is liable based on the theory that he should have prevented Trevino's misconduct, Plaintiffs fail to state a claim. Plaintiffs cannot argue that Jerrell is vicariously liable for another TDCJ employee's conduct. *Bailey*, 2018 WL 1701992, at *5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009)). These facts are not enough to rise "to the level of egregious intentional conduct." *Bailey*, 2018 WL 1701992, at *4.

Second, to the extent Plaintiffs assert Jerrell was deliberately indifferent through his actions of participating in an "unauthorized stop," helping Trevino locate his phone, and ignoring Plaintiffs' concerns regarding Trevino's driving, these actions do not amount to egregious intentional conduct. *Bailey*, 2018 WL 1701992, at *4. While Jerrell may have violated TDCJ policy by participating in an unauthorized stop and not providing Plaintiffs with seatbelts, such actions do not amount to a constitutional violation. *Simpson v. Salsbery*, 565 F. Supp. 3d 883, 891 (S.D. Tex. 2021); *see also Rogers v. Boatright*, 709 F.3d 403, 412 (5th Cir. 2013). Moreover,

6

Plaintiffs have not sufficiently plead that Jerrell had subjective knowledge that plaintiffs were exposed to a substantial risk of serious harm. *Bailey*, 2018 WL 1569880, at *1 (citing *Rogers*, 709 F.3d at 409). Plaintiffs do not provide any facts indicating that Jerrell had subjective knowledge that *his own personal actions* created a substantial risk of serious harm.

Finally, Plaintiffs have set forth no allegations sufficient to demonstrate the Jerrell had subjective knowledge that Plaintiffs were exposed to a substantial risk of serious harm by Trevino's actions. *Bailey*, 2018 WL 1569880, at *1 (citing *Rogers*, 709 F.3d at 409). Plaintiffs do not allege, for example, that Trevino had a history of reckless driving and Jerrell was personally aware that Trevino's driving would create a substantial risk of serious harm. Nor do Plaintiffs allege Jerrell manifested subjective knowledge by voicing concerns for *his own safety* while observing Trevino's alleged misconduct and driving. Notably, Plaintiffs' complaint is without any facts indicating Jerrell had personally knowledge that Trevino presented a substantial risk of serious harm to everyone on board the bus.

Plaintiffs' allegations simply do not rise to the level of deliberate indifference. Even if Jerrell violated TDCJ policy by participating in an unauthorized stop, was aware Plaintiffs were not provided seat belts, and failed to act on Plaintiffs' concerns regarding Trevino's speeding, such actions or inactions amount to no more than bad judgment, if that. "Bad judgment, negligence, or even gross negligence resulting in an automobile accident is not sufficient to establish a constitutional violation." *Bailey*, 2018 WL 1701992, at *4; *see also Burns*, 2017 WL 450529, at *4. Because Plaintiffs' have failed to plead deliberate indifference against Jerrell, the claims against him should be dismissed.

### b. Plaintiffs fail to state a deliberate indifference claim against Kelly.

Plaintiffs allege Defendant Kelly violated their Eighth Amendment rights when she called Trevino while Trevino was operating the bus. ECF No. 19 at 7, ¶ 21. Plaintiffs allege that Kelly was aware that her actions would result in substantial risk of injury, but nevertheless intentionally aided and abetted in the resulting accident. ECF No. 19 at 7, ¶ 21. In essence, Plaintiffs seek this Court to conclude that Kelly: (1) was aware Trevino was driving under rainy conditions; (2) was aware Trevino was driving too fast for the conditions of the road; (3) intentionally and willfully called to aid in Trevino's reckless driving; and (4) intentionally and willfully called to create the outcome, all while away at a different unit. *Id*.

Kelly's actions do not rise to the high standard of deliberate indifference. Simply calling a co-worker while operating a motor vehicle is not an action that rises to "the level of egregious intentional conduct." *Bailey*, 2018 WL 1701992, at *4. Moreover, Plaintiffs fail to allege any facts that indicate Kelly had the subjective knowledge that her act of calling Trevino created a substantial risk of harm to the passengers on board the bus. Nor do Plaintiffs allege any facts showing Kelly had subjective knowledge of Trevino's driving or condition. Instead, Plaintiffs state conclusory allegations that Kelly "intentionally called to aid in creating a substantial risk, knew about the alleged reckless driving, and disregarded that knowledge." ECF No. 19 at 7, ¶ 21. Such allegations, without additional facts, are conclusory in nature and should be disentitled from the presumption of truth. *Iqbal*, 556 U.S. at 681.

Plaintiffs' allegation that Kelly's call to Trevino amounts to deliberate indifference sounds in negligence at most. Allegations of negligence do not state a claim under 42 U.S.C. § 1983. *Bailey*, 2018 WL 1701992, at *4; *see also Burns*, 2017 WL 450529, at *4. Furthermore, Plaintiffs cannot argue that Kelly is vicariously liable for another TDCJ employee's conduct.

*Bailey*, 2018 WL 1701992, at *5 (citing *Iqbal*, 556 U.S. 675-76). Therefore, Plaintiffs' deliberate indifference claim against Kelly should be dismissed.

### c. Plaintiffs fail to state a deliberate indifference claim against Gonzalez.

Plaintiffs allege Mario Gonzalez violated their Eighth Amendment rights when Gonzalez ordered Trevino to transport Plaintiffs because he was aware that Trevino's driving would result in substantial risk of injury. ECF No. 19 at 7, ¶ 22. Plaintiffs allege Gonzalez disregarded their safety and intentionally aided and abetted in accident that ensued. ECF No. 19 at 7, ¶ 21. In essence, Plaintiffs seek this Court to conclude that Gonzalez: (1) was aware Trevino was driving under rainy conditions; (2) was aware Trevino was driving too fast for the conditions of the road; (3) was aware Trevino was driving while on his phone; (4) knew Trevino was high on cocaine with little to no rest the prior 30 days; (4) intentionally and willfully allowed Trevino to operate the bus recklessly under the influence of narcotics; (5) intentionally and willfully allowed Trevino to drive in order to create the outcome, all while away at a different unit. ECF No. 19 at 7, ¶ 22.

Gonzalez's actions do not rise to the high standard of deliberate indifference. First, Gonzalez's act of ordering Trevino to operate the bus does not rise to "the level of egregious intentional conduct." *Bailey*, 2018 WL 1701992, at *4. Plaintiffs have set forth no allegation sufficient to demonstrate the Gonzalez had subjective knowledge that Plaintiffs were exposed to a substantial risk of serious harm by ordering Trevino to transport them. *Bailey*, 2018 WL 1569880, at *1 (citing *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013)). Instead, Plaintiffs make unfounded conclusory allegations that Gonzalez had full knowledge that Trevino was unfit and under the influence of cocaine. ECF No. 19 at 6, ¶ 15. Such allegations, without additional facts, are conclusory in nature and should be disentitled from the presumption of truth. *Iqbal*, 556 U.S. at 681. Thus, Plaintiffs' conclusory allegations are insufficient to state a claim that Gonzalez was

subjectively aware of and disregard an "excessive risk" to their safety. *Burns*, 2017 WL 450529, at *4.

Finally, Plaintiffs cannot assert that Gonzalez is vicariously liable for Trevino's alleged misconduct. *Bailey*, 2018 WL 1701992, at *5 (citing *Iqbal*, 556 U.S. 675-76). Gonzalez's actions or inactions at most amount to bad judgment, and such actions are not sufficient to establish a constitutional violation. *Id*. at *4; *see also Burns*, 2017 WL 450529, at *4. Therefore, Plaintiffs have failed to state a deliberate indifference claim against Gonzalez.

### 2. Plaintiffs fail to state a bystander liability claim against Jerrell, Kelly, and Gonzalez.

Under case law, the doctrine of failure to intervene/bystander liability is best understood to apply within the context of use of force claims. "There is bystander liability for an 'officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force . . . .'" *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). Bystander liability for an officer will attach "where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002)) (citing additional cases from the Seventh Circuit and Third Circuit). "However, liability will not attach where an officer is not present at the scene of the constitutional violation." *Id*. A court should also consider whether the officer acquiesced in the alleged constitutional violation. *Id*.

Defendants are unable to find a case in which a court in the Fifth Circuit has applied bystander liability to facts similar to this case. Here, Plaintiffs fail to state a claim of bystander liability against Kelly, Gonzalez, and Jerrell. Kelly and Gonzalez cannot be found liable because

they were not present on the bus and would not have had an opportunity to prevent the accident. *Whitley*, 726 F.3d at 646. Although Jerrell was present on the bus, he cannot be found liable. Plaintiffs have not alleged, other than conclusory allegations, that Jerrell had subjective knowledge that Trevino's actions violated Plaintiffs' constitutional rights. Jerrell observed an unauthorized stop and inmates without seat belts. ECF No. 19 at 4, ¶ ¶ 9–10. Such observations do not pose an excessive risk to inmate health or safety. *Simpson*, 565 F. Supp. 3d at 891; *see also Rogers*, 709 F.3d at 412.

According to Plaintiffs' complaint, Jerrell's other observations were Trevino's use of his cell phone and speeding. ECF No. 19 at 4, ¶¶ 11–12. Although Jerrell may be liable for bad judgment for not saying anything, Plaintiffs' complaint is bare as to how Jerrell had the opportunity to prevent the accident. Plaintiffs fail to allege: (1) what course of action(s) Jerrell should have taken to correct Trevino's alleged misconduct; and (2) facts that show Jerrell intentionally failed to act. Plaintiffs' allegations as pled imply that Jerrell advising Trevino he should not be on the phone or should drive more carefully would somehow prevent the accident. However, Plaintiffs' complaint fails to state that Jerrell had any supervisory authority over Trevino, or any other reason that Trevino would be required to heed Jerrell's orders.

Finally, Plaintiffs' allegations that Jerrell knew that Trevino was high on cocaine, without any supporting facts, is by itself conclusory in nature and should be disentitled from the presumption of truth. *Iqbal*, 556 U.S. at 681. Therefore, Plaintiffs' bystander liability claims against Jerrell, Kelly, and Gonzalez should be dismissed.

### 3. Plaintiffs fail to state a supervisor liability claim against Gonzalez.

To the extent Plaintiffs claim Gonzalez failed to correct the alleged wrongful actions of his subordinate, Trevino, Plaintiffs allegations fall short of a supervisor liability claim against

11

Gonzalez. Under section 1983, supervisory officials are not liable for their subordinates' actions on any vicarious liability theory. *Bailey*, 2018 WL 1701992, at *5. A supervisor may only be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Id*. (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* 828 F.2d at 304. Neither condition is satisfied in the present action.

Plaintiffs do not allege Gonzalez implemented a policy that violated their rights. Nor do plaintiffs allege a single act in which Gonzalez was personally involved in the alleged deprivation of their constitutional rights. Gonzalez's only involvement is ordering Trevino and Jerrell to transport plaintiffs. ECF No. 19 at 6, ¶ 15. Allegations that Gonzalez *knew* Trevino was unfit to operate the bus and high on cocaine, without any facts supporting a subjective belief, are conclusory in nature and should be disentitled from the presumption of truth. *Iqbal*, 556 U.S. at 681. Regardless, Gonzalez cannot be vicariously liable for Trevino's misconduct. *Bailey*, 2018 WL 1701992, at *5. Plaintiffs' allegations are, therefore, insufficient to show liability under supervisory liability.

### 4. **Plaintiffs fail to overcome Jerrell, Kelly, and Gonzalez's entitlement to qualified immunity.**

Qualified immunity "shields government officials from liability when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal

quotation omitted). Once a state official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar her recovery. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

The qualified immunity analysis has two steps, which can be taken in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "First, [the Court should] assess whether a statutory or constitutional right would have been violated on the facts alleged." *Flores v. City of Palacios,* 381 F.3d 391, 395 (5th Cir. 2004). Second, the Court should "determine whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664, (2012). "There are two ways to demonstrate clearly established law." *Batyukova v. Doege*, 994 F.3d 717, 726 (5th Cir. 2021). In the typical case, the plaintiff "identif[ies] a case or body of relevant case law in which an officer acting under similar circumstances…was held to have violated the [Constitution]." *Id*. (quotation marks and citations omitted). This approach "do[es] not require a case directly on point," but "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

In rare cases, however, "the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018); *cf. Taylor v. Riojas*, 141 S. Ct. 52, 53–54 (2020) ("Confronted with the particularly egregious facts of this case, any reasonable officer should have realized that [the plaintiff's] conditions of confinement offended the Constitution."). "If the defendant's actions

violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)).

Here, Jerrell, Kelly, and Gonzalez are government employees who assert qualified immunity; therefore, the burden is on the Plaintiffs to show that qualified immunity does not bar their recovery. *Kovacic*, 628 F.3d at 211. Plaintiffs have failed to state a constitutional violation of deliberate indifference and bystander liability. First, as set out above, Jerrell, Kelly, and Gonzalez's actions or inactions do not amount to deliberate indifference. Plaintiffs have failed to allege that all three defendants were subjectively aware of and wantonly disregarded an "excessive risk" to their safety. *Burns*, 2017 WL 450529, at *4. Plaintiffs cannot identify case law that would show the *personal actions* of Jerrell, Kelly, and Gonzalez violated clearly established law.

Second, Kelly and Gonzalez are not liable under the theory of bystander liability. Plaintiffs failed to show that Kelly and Gonzalez were present at the scene of the alleged wrong, had the opportunity to intervene, and failed to act. Plaintiffs cannot identify case law that would show Kelly and Gonzalez's actions or inactions under the theory of bystander liability violated clearly established law. Finally, Plaintiffs are also unable to identify case law that holds a supervisor liable for simply ordering a subordinate to transport inmates to a different unit without subjective knowledge of an excessive risk of harm.

For the reasons set out in this motion, Plaintiffs have not set forth sufficient factual matter to show that any of the Defendants violated a clearly established constitutional right. As such, Jerrell, Kelly, and Gonzalez are entitled to qualified immunity and Plaintiffs' claims against them should be dismissed.

### III.  CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant this motion for judgment on the pleadings.

                Respectfully submitted,

                **KEN PAXTON**
                Attorney General of Texas

                **BRENT WEBSTER**
                First Assistant Attorney General

                **JAMES LLOYD**
                Deputy Attorney General for Civil Litigation

                **SHANNA E. MOLINARE**
                Division Chief
                Law Enforcement Defense Division

                */s/ David Ruedas*
                **DAVID RUEDAS**
                Assistant Attorney General
                Attorney-in-Charge
                Texas State Bar No. 24137669
                David.Ruedas@oag.texas.gov

                OFFICE OF THE ATTORNEY GENERAL
                Law Enforcement Defense Division
                P.O. Box 12548, Capitol Station
                Austin, Texas 78711-2548
                Phone (512) 463-2080 | Fax (512) 370-9814

                **ATTORNEYS FOR DEFENDANTS**
                **GONZALEZ, JERRELL, AND KELLY**

**NOTICE OF ELECTRONIC FILING**

I, **DAVID RUEDAS**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern District of Texas, on March 5, 2024.

/s/ David Ruedas
**DAVID RUEDAS**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **DAVID RUEDAS**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing, **Defendants Gonzalez, Jerrell, and Kelly's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)** has been served electronically on counsel of record.

/s/ David Ruedas
**DAVID RUEDAS**
Assistant Attorney General