United States District Court
Southern District of Texas
**ENTERED**
May 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAX MARTINEZ, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:23-CV-00131 |
| | § |
| ANTONIO TREVINO, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Chev'Quon Jerrell, Tracey Kelly, and Mario Gonzalez's Motion for Judgment on the Pleadings (D.E. 28) and Plaintiffs' motion to strike Defendants' reply (D.E. 39). On May 1, 2024, United States Magistrate Judge Mitchel Neurock issued a "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 42), recommending that Plaintiffs' motion to strike (D.E. 39) be denied, Defendants' motion for judgment (D.E. 28) be granted, Plaintiffs' claims against the three Movant/Defendants be dismissed, and Plaintiffs be given an opportunity to amend and restate those claims, with the exception of the bystander claims against Defendants Kelly and Gonzalez. Plaintiffs—in two groups separately represented—timely filed their objections (D.E. 43, 44), which are identical. Defendants responded to the objections. D.E. 45.

Plaintiffs have not asserted any objection to the M&R's analysis of the claims as pled or to the Magistrate Judge's recommendations for adjudicating the motion on its merits. Instead, the only objection to the M&R is that Defendants' motion was not timely and should not have been considered at all. Plaintiffs recite that a Rule 12(c) motion for judgment on the pleadings should be filed "early enough not to delay trial" and that this motion has delayed discovery, including Plaintiffs' expert designations, and will necessarily delay trial.

The Magistrate Judge entered an order staying discovery prior to issuing the M&R. D.E. 41. In doing so, he cited the need to evaluate the qualified immunity claim that had been made in Defendant's motion—a defense that the courts are admonished to resolve at the earliest opportunity in litigation. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Consequently, it is the qualified immunity defense, not just the timing of the motion for judgment on the pleadings, that may delay the case or, as the Magistrate Judge observed, streamline the case. *See* D.E. 41; *see also* D.E. 45. For these reasons, the Court **OVERRULES** the objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court:

- **DENIES** Plaintiffs' motion (D.E. 39), seeking to strike Defendants' reply brief;

- **GRANTS** the Rule 12(c) motion for judgment (D.E. 28) and **DISMISSES** Plaintiffs' claims against Defendants Jerrell, Kelly, and Gonzalez. The dismissal of Plaintiffs' bystander liability claims against Kelly and Gonzalez is with prejudice;

- **GRANTS** Plaintiffs an opportunity to obtain leave to amend with regard to Plaintiffs' claims against Defendants Jerrell, Kelly, and Gonzalez, except for the bystander claims against Defendants Kelly and Gonzalez. In this regard, Plaintiffs must file a motion for leave to amend within 21 days of the date of this Order that explains how the amended complaint cures the defects identified in the M&R and must be accompanied by a copy of the amended complaint.

**ORDERED** on May 30, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE