United States District Court
Southern District of Texas
**ENTERED**
December 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MAX MARTINEZ, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:23-CV-00131 |
| | § |
| ANTONIO TREVINO, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is "Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (D.E. 54). On November 12, 2024, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 60), recommending that Defendants' motion be granted and that Plaintiffs' claims against Defendants Chev'Quan Jerrell, Tracey Kelly, and Mario Gonzalez be dismissed. Plaintiffs timely filed their objection (D.E. 62) on November 26, 2024.

The M&R goes into extensive detail regarding Plaintiffs' effort to state each claim under the United States Constitution and 42 U.S.C. § 1983, along with the substantial burdens related to overcoming Defendants' invocation of their qualified immunity defense. However, Plaintiffs' only objection is that dismissing the claims is inconsistent with the Magistrate Judge's prior decision to permit Plaintiffs to file their amended complaint. *See*

D.E. 51. Plaintiffs argue that the Magistrate Judge applied the Rule 12(b)(6) standard to their pleadings when granting them leave to file the fourth amended complaint and that, if the claims survived that review, they must be held to survive this review. D.E. 62.

Plaintiffs' argument is in error. When granting leave to amend, the Magistrate Judge observed that Plaintiffs had not replied to Defendants' response to the motion for leave to amend, which stated Defendants' challenges to the amended and supplemented factual assertions for the first time. Because the issue had not been fully joined, the Magistrate Judge specifically stated that—after the amended complaint is filed—each of the three Defendants "will be free to move, if [he or she] wishes, for dismissal for failure to state a claim, or for qualified immunity, or on any other permissible ground." D.E. 51, pp. 21, 23, 27. The parties were thus warned that no Rule 12(b)(6) decision was final.

Therefore, the Magistrate Judge's order granting leave (D.E. 51) was not intended to, and did not in fact, bind the Magistrate Judge or this Court in its review of the sufficiency of the claims under Defendants' Rule 12(b)(6) motion. By permitting a new Rule 12 motion to dismiss the proceeding, Plaintiffs were provided a full and fair opportunity to defend their pleadings against Defendants' challenges, both in responding to the motion to dismiss (D.E. 54) and in objecting to the M&R (D.E. 60). Plaintiffs failed to persuade the Magistrate Judge that their claims were viable. And Plaintiffs failed to object to the Magistrate Judge's substantive rulings in any meaningful way. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiffs' objection, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which the objection was specifically directed, the Court **OVERRULES** Plaintiffs' objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **GRANTS** Defendants' Rule 12(b)(6) motion (D.E. 54) and **DISMISSES** Plaintiffs' claims against Defendants Jerrell, Kelly, and Gonzalez with prejudice. The case will proceed only on the retained claims against Defendant Trevino.

**ORDERED** on December 13, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE